**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4001**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ROBERT JUNIOR MARSHALL,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  James A. Beaty, Jr., Chief District Judge.  (1:07-cr-00325-JAB-1)

Submitted:  December 3, 2009          Decided:  January 4, 2010

Before NIEMEYER and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Stacey D. Rubain, QUANDER & RUBAIN, P.A., Winston-Salem, North Carolina, for Appellant.  Sandra Jane Hairston, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robert Junior Marshall pled guilty to unlawfully attempting to possess with intent to distribute three kilograms of a mixture or substance containing a detectable amount of cocaine hydrochloride, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), 846 (2006). The district court sentenced Marshall to 140 months' imprisonment,[*] and Marshall timely appealed. Counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), in which counsel determined that there are no meritorious grounds for appeal. Marshall did not file a pro se supplemental brief, despite receiving notice of his right to do so. The Government elected not to file an answering brief. Finding no infirmity in either Marshall's conviction or sentence, we affirm.

The purpose of the Rule 11 colloquy is to ensure that the defendant enters the plea of guilt knowingly and voluntarily. See United States v. Vonn, 535 U.S. 55, 58 (2002). Prior to accepting a guilty plea, a trial court must inform the defendant of, and determine that he understands, the nature of the charges to which the plea is offered, any mandatory minimum penalty, the maximum possible penalty he faces, and the various

---

[*] This sentence incorporated a downward departure for substantial assistance pursuant to U.S. Sentencing Guidelines Manual § 5K1.1 (2007).

2

rights he is relinquishing by pleading guilty. Fed. R. Crim. P. 11(b). The court also must determine whether there is a factual basis for the plea. Id.; United States v. DeFusco, 949 F.2d 114, 120 (4th Cir. 1991).

There is a strong presumption that a defendant's guilty plea is binding and voluntary if the Rule 11 hearing was adequate. United States v. Puckett, 61 F.3d 1092, 1099 (4th Cir. 1995). Additionally, where, as here, the defendant did not move to withdraw his guilty plea in the district court, we review for plain error the adequacy of the guilty plea proceeding under Rule 11. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). "To establish plain error, [Marshall] must show that an error occurred, that the error was plain, and that the error affected his substantial rights." United States v. Muhammad, 478 F.3d 247, 249 (4th Cir. 2007). Even if Marshall satisfies these requirements, "correction of the error remains within [the Court's] discretion, which [the Court] should not exercise . . . unless the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." Id. (internal quotation marks and citation omitted).

Marshall has not presented any evidence or argument to demonstrate plain error. Indeed, the record reveals that the district court fully complied with the Fed. R. Crim. P. 11

3

requirements during the plea colloquy, ensuring that Marshall's plea was knowing and voluntary, that he understood the rights he was giving up by pleading guilty and the sentence he faced, and that he committed the offenses to which he was pleading guilty. Marshall also attested during the hearing that he fully understood the ramifications of his guilty plea, and that no one made promises to him outside those made by the Government in his plea agreement. We accordingly conclude the district court did not commit any errors during the Rule 11 hearing, and Marshall's plea was knowing, voluntary, and supported by a sufficient factual basis.

We review a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007); see also United States v. Layton, 564 F.3d 330, 335 (4th Cir. 2009). In addition, this court presumes a sentence within a properly determined advisory guidelines range is substantively reasonable. See Rita v. United States, 551 U.S. 338, 341 (2007); United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007).

We conclude that Marshall's sentence is both procedurally and substantively reasonable. The district court properly calculated Marshall's Guidelines range, treated the Guidelines as advisory, and considered the applicable 18 U.S.C. § 3553(a) (2006) factors. See United States v. Pauley, 511 F.3d

4

468, 473 (4th Cir. 2007).  Moreover, the district court based its sentence on its "individualized assessment" of the facts of the case.  United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009).  Lastly, Marshall has not rebutted the presumption that his within-guidelines sentence is presumptively reasonable.  Thus, the district court did not abuse its discretion in imposing the chosen sentence.

Having reviewed the record in this case and finding no meritorious issues for review, we affirm the district court's judgment.  This court requires that counsel inform Marshall in writing of his right to petition the Supreme Court of the United States for further review.  If Marshall requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Marshall.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED